## GEORGE CLAUSS, Respondent, v. EUGENE FROMENT, Appellant.

### No. 2834; September 27, 1871.

**Bills and Notes—Demand.**—In an Action on a Promissory Note payable on demand, no prior demand need be averred or proved.

**Partnership—Action on Note—Pleading.**—In an action by the payees of a promissory note drawn in favor of a firm, it is not indispensable that the complaint expressly set up the partnership if it contains a copy of the note and avers that the defendant thereby "undertook and promised to pay these plaintiffs," that the note is long past due and "payable from defendants to them"; particularly if the answer fails to deny these averments.

**Names.**—It is Immaterial by What Name Persons are Described in a note, if the note was made, executed and delivered to them, and they are in fact the persons intended to be designated as payees.

APPEAL from Third Judicial District, Santa Clara County.

Geo. M. Yoell for respondent; D. M. Delmas for appellant.

CROCKETT, J.—The plaintiffs, George Clauss and Joseph Ban, sue upon a promissory note, payable on demand, to "G. Clauss & Co."; and a copy of the note is set out in the complaint. The answer contains only a denial that the defendant was ever requested or had ever refused to pay the note, or that payment had ever been demanded. The court rendered

judgment for the plaintiffs on the pleadings, and the defendant appeals on the judgment-roll alone. Only two questions are discussed by counsel, viz.: 1st, whether it was incumbent on the plaintiffs to aver and prove a demand of payment before suit brought; 2d, whether the complaint contains a sufficient, or any, averment that the plaintiffs compose the firm of "G. Clauss & Co." It is conceded by counsel that it is established by the weight of authority that, in an action on a promissory note payable on demand, no prior demand need be averred or proved. This proposition is now too firmly settled by a long line of authorities to be open to controversy. The first point made by the defendant is therefore not tenable. The complaint does not contain an express averment that the plaintiffs compose the firm of "G. Clauss & Co."; but it alleges that the defendant "made, executed and delivered to these plaintiffs his certain promissory note, in words and figures following." Then follows a copy of the note, coupled with an averment that thereby "the said defendant undertook and promised to pay to these plaintiffs or their order on demand," etc. Subsequently is an averment that "said note is long past due and payable from defendant to them." These averments are not denied by the answer, and I think they constitute a sufficient allegation that the plaintiffs constitute the firm to which the note is payable. It is immaterial by what name the plaintiffs are described in the note, if it was made, executed and delivered to them, and if they are in fact the persons intended to be designated as payees. The complaint sufficiently shows these facts, and that the plaintiffs are the persons designated in the note by the description of "G. Clauss & Co."

Judgment affirmed.

We concur: Rhodes, C. J.; Wallace, J.; Temple, J.; Sprague, J.